UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**GEORGE O'BANION**

**VERSUS**

**STATE FARM FIRE & CASUALTY CO**

**CASE NO. 1:24-CV-01174**

**JUDGE TERRY A. DOUGHTY**

**MAGISTRATE JUDGE PEREZ-MONTES**

### MEMORANDUM ORDER

Pending before the Court is a Motion to Continue Trial and Scheduling Order Deadline [Doc. No. 20] filed by Defendant, State Farm Fire and Casualty Company ("Defendant"). Plaintiff, George O'Banion ("Plaintiff"), filed an opposition [Doc. No. 23], and State Farm filed a reply [Doc. No. 24]. Also pending before the Court is a Motion in Limine filed by the Plaintiff [Doc. No. 18], to which an opposition was filed by the Defendant [Doc. No. 22]. For the reasons set forth herein, the Motion to Continue Trial is **GRANTED** and the Motion in Limine is **DENIED**.

### I. Background

This case is a first-party insurance suit resulting from Defendant allegedly underpaying Plaintiff on his claim, arising from alleged tree damages to his property, in breach of Plaintiff's policy with Defendant, and Plaintiff alleging bad faith under Louisiana law.[1] In accordance with the Court's Scheduling Order[2] the parties exchanged witness lists.[3] Defendant's witness list included Paul LaGrange

---

[1] [Doc. No. 20, p. 2].
[2] [Doc. No. 15].
[3] [Doc. No. 20, p.2].

("LaGrange") as a proposed expert witness and requested both an August 2025 inspection date and an extension of time to complete his expert report.[4] Defendant also requested dates and availability for the depositions of Plaintiff, Angela Kingry ("Kingrey"), and Plaintiff's expert, Bradley Hays ("Hays").[5] In response, Plaintiff's counsel indicated that he would "reach out to [his] client, his [client's] daughter, and Brad Hayes [*sic*] on specific dates."[6]

On July 10, 2025, counsel for Defendant followed up to request an update "on potential dates for Plaintiff's clients depositions and for Defendant's expert's inspection."[7] Plaintiff's counsel did not respond until October 1, 2025, when his counsel's office provided a list of dates on which Plaintiff and Kingrey would not be available for a deposition.[8] Plaintiff's counsel never addressed dates of availability for the inspection, nor did the response address Hays' deposition or the property.[9] Defense counsel attempted to reach Plaintiff's counsel via phone for a week and ultimately, sent an email to Plaintiff's counsel reminding them of the pending requests for Hays' Deposition and to arrange LaGrange's inspection.[10] Defendant's counsel further advised that in light of "the need to schedule this discovery soon, Mr. LaGrange's busy schedule, and the February trial setting, and the current pretrial deadlines in place, State Farm intends to move for a brief continuance of pretrial

---

[4] [Id.].
[5] [Id.].
[6] [Id.].
[7] [Id. at p. 3].
[8] [Id.].
[9] [Id.].
[10] [Id.].

deadlines and trial (of approximately 60-90 days)."[11] Plaintiff's counsel responded to Defendant's email on October 10, 2025, stating, "I will speak with my client regarding the continuance and possible settlement proposal."[12]

Plaintiff's counsel has not contacted Defense counsel since the email sent on October 10, 2025.[13] Plaintiff then filed the current Motion in Limine on October 17, 2025, seeking to exclude Defendant's expert testimony due to Defendant's purported failure to provide an expert report which was due July 28, 2025.[14] Defendant responded by filing the Motion to Continue Trial and Scheduling Order Deadlines.[15]

The parties have briefed all relevant issues, and the matter is ripe for ruling.

## II.     Law and Analysis

### A.     Standard of Review

The Federal Rules of Civil Procedure states, "[a scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing extension.'" *See Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (citing *Filgueira v. US Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)). Additionally, the Fifth Circuit Court of Appeals considers four factors in determining whether to allow modification of a scheduling order: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3)

---

[11] [Doc. No. 20-5].
[12] [Doc. No. 20-6].
[13] [Doc. No. 20, p. 3].
[14] [Doc. No. 18].
[15] [Doc. No. 20].

potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Prot., inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010). Considering these factors, the Court finds that Defendant has demonstrated good cause to modify the Scheduling Order.

This matter is set for jury trial beginning February 17, 2026.[16] Under the current scheduling order, Defendant was to provide its expert report by July 28, 2025.[17] The scheduling order also establishes that expert must be available for depositions during the two weeks prior to October 2, 2025.[18] The scheduling order further provides special requirements for motions to extend deadlines.[19] "A motion to extend any deadline shall include a statement that the granting of the motion shall or shall not affect any other deadline or the trial date. . . . Therefore, motions for extensions of time must be filed as soon as possible, but in any event, not later than the day before the existing deadline."[20]

Defendant seeks to continue the trial date by approximately 90 days and to reset the deadlines for both parties to complete expert and fact discovery and to file dispositive and *Daubert* motions (the "Discovery Deadlines") in accordance with the requested trial continuance.[21] In the alternative, Defendant requests a limited modification of the existing scheduling order to permit the service of an expert report on Plaintiff in accordance with Rule 26(a)(2).[22]

---

[16] [Doc. No. 15].
[17] [Id. at p. 4].
[18] [Id.].
[19] [Id. at p. 1].
[20] [Id.].
[21] [Doc. No. 20, p. 1].
[22] [Doc. No. 22, p. 1].

### 1.   Importance of Modification and Diligence

Defendant argues that it has made many efforts for "months to collaborate with Plaintiff's counsel on the scheduling of three depositions and an inspection, with counsel signaling a willingness to facilitate the depositions and expressing no opposition whatsoever to any of the requested discovery or even the continuance requested through the Motion until the abrupt filing of the Motion in Limine."[23] Plaintiff, however, argues that Defendant was late in providing an expert report and that no dates for depositions or an inspection had been requested until a few short weeks before the deadline to disclose expert reports approached.[24] Plaintiff further argues that Defendant's failure to comply with court-ordered deadlines (furnishing an expert report by July 28, 2025) does not constitute good cause for a continuance.[25] Defendant has yet to furnish an expert report.[26]

The Court disagrees with Plaintiff. The Court finds that Defendant's filings demonstrate that communication efforts to coordinate discovery were initiated by their counsel and were met with coordination challenges. Regardless of the disputed communication arguments between counsel, the fact remains that the essential discovery is outstanding. The Court's primary concern at this stage is to ensure that a complete record is developed, which mandates that the parties be afforded the opportunity to complete the necessary expert discovery and inspection.

### 2.   Prejudice to the Non-Movant

---

[23] [Doc. No. 24, pp. 2–3].
[24] [Doc. No. 23, p. 3].
[25] [Id.].
[26] [Doc. No. 18, p.1].

Plaintiff argues that granting the continuance causes prejudice, citing the delay in resolving the underlying damage.[27] While the Court is sympathetic to the hardships caused by delay, a trial continuance does not preclude the Plaintiff from pursing non-litigation remedies to repair his property.

The continuance itself will serve to cure any potential prejudice to Plaintiff arising from Defendant's alleged tardiness in expert disclosure. Defendant argues that granting the continuance will afford Plaintiff the necessary time to take additional discovery, serve an expert report, and prepare for trial.[28] The Court agrees. Denying the continuance and forcing the case to trial on the current schedule would deny Plaintiff the time needed to prepare for the defense's expert testimony, which would cause greater prejudice.

Therefore, Rule 16(b)(4)'s three factors weigh in favor of modification: the remaining discovery is crucial; the prejudice to the Plaintiff (if any) is cured by the availability of the continuance; and the continuance ensures that the merits of the case are properly addressed with a complete record.

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion to Continue Trial and Scheduling Order Deadlines [Doc. No. 20] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Scheduling Order [Doc. No. 15] is **VACATED**, and the Clerk is requested to issue a new scheduling order in due course.

---

[27] [Doc. No. 23, p. 1].
[28] [Doc. No. 24, pp. 5-6].

**IT IS FURTHER ORDERED** that since the Court is continuing the trial and scheduling order deadlines, the Plaintiff's Motion in Limine [Doc. No. 18] is **DENIED AS MOOT**.

MONROE, LOUISIANA, this 25th day of November, 2025.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE